**TRI VALLEY GROWERS, formerly known as Tri-Valley Packing Association, (a corporation), Petitioner,**

v.

**The FEDERAL TRADE COMMISSION, Respondent.**

No. 21337.

United States Court of Appeals Ninth Circuit.

May 13, 1969.

Ricardo J. Hecht (argued), and Francis Kerner, San Francisco, Cal., for petitioner.

Harold D. Rhynedance, Jr. (argued), Washington, D. C., James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, Gerald Harwood, Atty., F. T. C. Washington, D. C., for respondent.

Before HAMLEY, JERTBERG and MERRILL, Circuit Judges.

PER CURIAM:

In Tri-Valley Packing Association v. Federal Trade Commission, 9 Cir., 329 F.2d 694, which involved review of a cease and desist order entered by the Commission against Tri-Valley Packing Association, we reversed and remanded for further proceedings. Further agency proceedings, including an evidentiary hearing, then took place before a trial examiner. An Initial Decision was thereafter entered, sustaining the Commission's charges that Tri-Valley had vi-

---

olated section 2(a) and (d) of the Clayton Act, 38 Stat. 730, as amended by the Robinson-Patman Act, 49 Stat. 1526 (Act), 15 U.S.C. § 13(a) and (d) (1964). The Initial Decision included an order to cease and desist. On appeal to the Commission, that body entered a final order, together with an opinion, adopting with certain modifications, the Initial Decision on remand. This review was then instituted by Tri Valley Growers, formerly known as Tri-Valley Packing Association.

Tri Valley Growers presented the following six arguments in its opening brief on this second review:

1. The Commission received further evidence on the two price discrimination issues remanded. The Commission was without power to receive or consider such evidence, and accordingly the same should be disregarded.

2. There is no causal connection between petitioner's lower prices to favored buyers on California Street and probable competitive injury to disfavored customers.

3. The Commission did not resolve the second remand issue in accordance with the court's mandate, and, while disregarding the mandate it relitigated an issue which had been originally decided in petitioner's favor.

4. The Commission made new findings regarding the 2(a) charges without the authority of this court.

5. There is no factual or legal support for the Commission's findings that petitioner violated section 2(d).

6. The breadth and scope of the Commission's order exceeds the legitimate needs of the case, and is therefore erroneous.

We hold that the first five arguments do not have sufficient merit to warrant reversal.

The sixth argument concerns the scope of the cease and desist order entered on remand. In our prior opinion we found it unnecessary to decide whether, as there contended by Tri-Valley, the breadth and scope of the order there under review exceeded the legitimate needs of the case. In its order on remand the Commission directed a narrowing of the form of order with respect to section 2(d) violations. Tri-Valley contends, however, that the Commission order on remand is still too broad. We do not agree.

After the Commission, on July 28, 1966, issued its final order on remand, the Supreme Court, on March 18, 1968, decided Federal Trade Commission v. Fred Meyer, Inc., 390 U.S. 341, 88 S. Ct. 904, 19 L.Ed.2d 1222. That decision has rendered inappropriate paragraph 2 of the Commission order under review. The Commission therefore requests this court to modify paragraph 2 of the Commission order by inserting the words "including customers who do not purchase directly from respondent" immediately preceding the final phrase of paragraph 2 reading "who compete in the distribution of such products with the favored customer."

In our opinion the proposed additional words should be added to paragraph 2 of the Commission order, thereby giving effect to the *Fred Meyer* decision. We recently ordered a similar modification of the cease and desist order under review in Clairol Incorporated v. Federal Trade Commission, 9 Cir., 410 F.2d 647.

Paragraph 2 of the Commission order is therefore modified to read as follows:

"2. Paying or contracting for the payment of anything of value to or for the benefit of any customer of respondent, pursuant to a specially tailored or negotiated arrangement, as compensation or in consideration for any services furnished by or through such customer, in connection with the offering for sale, sale or distribution of any of respondent's products, unless such payment or consideration is made available on proportionally equal

terms to all other customers of respondent, including customers who do not purchase directly from respondent, who compete in the distribution of such products with the favored customer."

As modified, the Commission order under review is

Affirmed.